14-485
USA v. Morrison

UNITED STATES COURT OF APPEALS

FOR THE SECOND CIRCUIT

_____

August Term, 2014

(Submitted: January 14, 2015    Decided: February 10, 2015)

Docket No. 14-485

_____

UNITED STATES OF AMERICA,

*Appellee*,

—v.—

SHANE MORRISON,

*Defendant – Appellant*,

BRIAN CARR, JUAN OSCAR COLON, ANTHONY GIANGREGORIO, JOSEPH DILL,
ANTONIO AGUIRRE, WILLIAM DOMINICK, ELENA ALEXANDER, MARK HOMEN,
ANDREW LATINO, GLENN PETERS, ALEX SPINK, MARK PAMATAT, JOSEPH VOTTA,

*Defendants*.

_____

1

B e f o r e:

KATZMANN, *Chief Judge*, KEARSE and RAGGI, *Circuit Judges*.

_____

Appeal from a district court's sentence of the defendant principally to eighteen months' imprisonment (Wexler, *J.*). We conclude that the district court did not violate 18 U.S.C. § 3153(c) when it relied on positive results on drug tests administered by the Pretrial Services Agency to enhance the defendant's term of imprisonment. We therefore AFFIRM the district court's sentence as procedurally reasonable.

_____

Leonard Lato, Hauppauge, New York, *for Defendant-Appellant*.

Peter A. Norling; Charles N. Rose, Assistant United States Attorneys, *for* Loretta E. Lynch, United States Attorney for the Eastern District of New York, Brooklyn, New York, *for Appellee.*

_____

PER CURIAM:

Defendant-Appellant Shane Morrison appeals from a February 6, 2014 judgment of the United States District Court for the Eastern District of New York (Wexler, *J.*) sentencing Morrison to, *inter alia*, eighteen months' imprisonment following his guilty plea to one count of conspiracy to distribute cocaine. Morrison argues that 18 U.S.C. § 3153(c) bars the district court's reliance on

2

positive results on drug tests administered by the Pretrial Services Agency ("pretrial services") to enhance his term of imprisonment. Because the district court did not violate § 3153(c) by relying on the information from pretrial services in determining Morrison's sentence, we affirm the judgment.

## BACKGROUND

On July 26, 2011, defendant Shane Morrison pleaded guilty, pursuant to a cooperation agreement with the government, to one count of conspiracy to distribute 500 grams or more of cocaine, in violation of 21 U.S.C. §§ 846 and 841(b)(1)(B)(ii)(II). The parties and the district court agreed that under the U.S. Sentencing Guidelines Manual ("Guidelines"), his total offense level was 21, his Criminal History Category was I, and his Guidelines range was 37 to 46 months' imprisonment.

On July 23, 2013, the district court held a sentencing hearing. At the hearing, the district court granted the government's motion for a reduction in Morrison's sentence pursuant to Guidelines § 5K1.1 and initially imposed a sentence of, *inter alia*, fifteen months' imprisonment to be followed by a four-year period of supervised release. But before the proceeding was concluded, Morrison

requested that sentencing be adjourned for approximately three months; the court granted that motion and *sua sponte* withdrew that sentence.

Because Morrison was not remanded at the end of that sentencing proceeding, pretrial services continued to test Morrison for drug use. After his July 23, 2013 sentencing appearance, Morrison failed two drug tests — one in December 2013 that detected the presence of cocaine, and a second a few weeks later that detected the presence of cocaine and other drugs. Pretrial services informed the district court of the results of both tests in a letter dated January 22, 2014 and requested that Morrison be remanded following a bail revocation hearing.

The district court then resumed its sentencing proceedings on January 29, 2014. On that date, Morrison's counsel admitted that Morrison had tested positive for cocaine both in December 2013 and a few weeks later. The government moved to remand Morrison based on these failed drug tests. The district court asked an attending pretrial services officer about the recent failed drug tests, and the officer confirmed the results. The court then remanded Morrison and adjourned sentencing so that Morrison could submit additional information before

4

sentencing. On February 2, 2014, Morrison submitted a letter to the district court, in which he, *inter alia*, admitted that he had "flunked two drug tests" since July 23, 2013, claimed that 18 U.S.C. § 3153(c) precludes the government from using and the court from considering the positive drug tests as a basis to enhance his sentence, and requested a sentence of a year and a day. J.A. 32–33.

On February 5, 2014, the parties reconvened for the continuation of the sentencing proceeding. The district court rejected Morrison's argument that § 3153(c)(3) precluded its consideration of the failed drug tests and indicated that it would give Morrison "additional punishment" based on the two failed tests that followed the July 23, 2013 sentencing proceeding. *Id.* at 35–38. The court then proceeded to sentencing *ab initio*. After considering the relevant factors under 18 U.S.C. § 3553(a), the parties' submissions and statements, and Morrison's positive drug test results, the district court sentenced Morrison principally to eighteen months' imprisonment and four years of supervised release. This appeal followed.

## DISCUSSION

On appeal, Morrison challenges the district court's consideration during sentencing of the positive results on the drug tests that were administered by pretrial services. He argues that consideration of this information is foreclosed by the confidentiality requirements imposed by 18 U.S.C. § 3153(c).

While Morrison does not precisely frame the nature of his challenge, we interpret his challenge as one to the procedural reasonableness of his sentence. When reviewing a sentence for reasonableness, we apply "a deferential abuse-of-discretion standard." *United States v. Conca*, 635 F.3d 55, 62 (2d Cir. 2011) (internal quotation marks omitted). "A district court commits procedural error where it fails to calculate (or improperly calculates) the Sentencing Guidelines range, treats the Sentencing Guidelines as mandatory, fails to consider the [18 U.S.C.] § 3553(a) factors, selects a sentence based on clearly erroneous facts, or fails adequately to explain the chosen sentence." *United States v. Robinson*, 702 F.3d 22, 38 (2d Cir. 2012). Here, Morrison in effect argues that the district court considered an impermissible factor not enumerated in § 3553(a) — the results of the drug tests administered by pretrial services — in arriving at his sentence. *See, e.g., United*

*States v. Park*, 758 F.3d 193, 199 (2d Cir. 2014) (per curiam) (holding that the district court erred in relying on the cost of incarceration to the government as a sentencing factor).

This appeal presents a question of first impression in this Circuit — whether a district court is permitted to consider confidential information provided to it by pretrial services when sentencing a defendant. Morrison contends that the district court erred in using confidential information disclosed to pretrial services officers to enhance his term of imprisonment because 18 U.S.C. § 3153(c) prevents disclosure of information "obtained in the course of performing pretrial services functions in relation to a particular accused" except for bail purposes or in certain specifically delineated circumstances. 18 U.S.C. § 3153(c)(1), (2). "We review [a] district court['s] interpretation of a federal statute *de novo*." *See United States v. Soler*, 759 F.3d 226, 229 (2d Cir. 2014).

In construing a federal statute, we begin with "the language itself, the specific context in which that language is used, and the broader context of the statute as a whole." *Robinson v. Shell Oil Co.*, 519 U.S. 337, 341 (1997). Here, the language relied on by Morrison to argue sentencing error states that "information

7

obtained in the course of performing pretrial services functions in relation to a particular accused shall be used only for the purposes of a bail determination and shall otherwise be confidential." 18 U.S.C. § 3153(c)(1). As this Court has recognized, such confidentiality is "imposed . . . to safeguard the full exchange of relevant information among a defendant, court-related personnel, and the judge." *United States v. Pena*, 227 F.3d 23, 27 (2d Cir. 2000). In short, § 3153(c) ensures the "maint[enance of] strong confidentiality with respect to *third party* requests for a defendant's pretrial services materials." *Id*. at 28 (emphasis added). It does not contemplate the withholding of information from the district judge.

Morrison nevertheless maintains that the quoted language precludes district judges from using pretrial services information for any non-bail purpose, including sentencing. This argument, however, is defeated by statutory context, which places an important qualifier immediately before the bail-limitation text: "*Except as provided in paragraph (2)* . . . , information obtained in the course of performing pretrial services functions . . . shall be used only for the purposes of a bail determination and shall otherwise be confidential." 18 U.S.C. § 3153(c)(1) (emphasis added). Thus, the confidentiality provided under § 3153(c)(1) is not

absolute, but is instead subject to exceptions. This necessarily means that the scope of the confidentiality must be construed in light of the § 3153(c)(2) exceptions. These "allow access" to otherwise confidential pretrial services information:

> (A) by qualified persons for purposes of research related to the administration of criminal justice;
>
> (B) by persons under contract under section 3154(4) of this title;
>
> (C) by probation officers for the purpose of compiling presentence reports;
>
> (D) insofar as such information is a pretrial diversion report, to the attorney for the accused and the attorney for the Government; and
>
> (E) in certain limited cases, to law enforcement agencies for law enforcement purposes. 18 U.S.C. § 3153(c)(2).[1]

---

[1] Section 3153(c)(3), while generally precluding admission of confidential § 3153(c)(1) information "on the issue of guilt in a criminal judicial proceeding," also provides for two exceptions: in prosecutions (1) "for a crime committed in the course of obtaining pretrial release," or (2) "for failure to appear for the criminal judicial proceeding with respect to which pretrial services were provided." 18 U.S.C. § 3153(c)(3). Because Morrison challenges the use of pretrial services information at sentencing, not at trial, we need not here consider the § 3153(c)(3) exceptions. We do, however, note that § 3153(c) contains no comparable subsection imposing a specific limitation on the use of confidential § 3153(c)(1) information at sentencing. Thus, we need only consider whether such use falls within one of the § 3153(c)(2) exceptions.

The exception relevant on this appeal is § 3153(c)(2)(C), which affords probation officers access to § 3153(c)(1) information for the purpose of compiling presentence reports. But probation officers do not compile presentence reports for their own benefit. Rather, they do so under a statutory mandate intended to ensure that district judges have all information necessary to make an appropriate sentencing determination. *See* 18 U.S.C. § 3552; Fed. R. Crim. P. 32(c)–(e). Thus, implicit in the § 3153(c)(2)(C) exception affording probation officers access to § 3153(c)(1) information for the purposes of compiling presentence reports is the expectation that district judges will receive and use that information in determining a defendant's sentence. Nor is a different conclusion warranted when, as in this case, the district judge receives § 3153(c)(1) information directly from pretrial services, rather than through a probation officer. Indeed, it would be more than curious to conclude that a district judge might receive and use pretrial services information in determining a sentence only when the judge receives it through an intermediary, rather than directly from the source. Thus, we conclude that a district judge's use of otherwise confidential pretrial services information in determining a sentence is not barred by § 3153(c)(1) because the judge's receipt

and use of such information for sentencing purposes is contemplated by the § 3153(c)(2)(C) exception.

Our conclusion is reinforced, moreover, by 18 U.S.C. § 3661, which states that "[n]o limitation shall be placed on the information concerning the background, character, and conduct of a person convicted of an offense which a court of the United States may receive and consider for the purpose of imposing an appropriate sentence." Our Court, *en banc*, has construed this emphatic language to preclude categorical proscriptions on "*any factor* concerning the background, character, and conduct of the defendant, with the exception of invidious factors." *United States v. Cavera*, 550 F.3d 180, 191 (2d Cir. 2008) (en banc) (emphasis added) (internal quotation marks omitted). Thus, when we consider § 3661's mandate together with Congress's specific authorization for probation officers' access to pretrial services information for the purpose of compiling presentence reports for district judges, we conclude that § 3153(c)(1) confidentiality cannot be construed, as Morrison urges, to bar district judge consideration of pretrial services information in determining a defendant's sentence.

## CONCLUSION

We have considered all of Morrison's arguments and find them to be without merit. Accordingly, the judgment is **AFFIRMED**.